**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case Number: 3:16-CR-00242-M |
| | § | |
| TINA CONNOLLY (14), | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER ON MOTION FOR COMPASSIONATE
RELEASE/REDUCTION IN SENTENCE**

Upon motion of the defendant to the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay

should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ DEFERRED pending supplemental briefing. The court DIRECTS the United States Attorney to file a response on or before _____, 2020, along with all Bureau of Prisons records [medical, institutional, administrative] supporting the approval or denial of this motion.

☐ DENIED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES as required by 18 U.S.C. § 3582(c)(1)(A) (failure to fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; the lapse of 30 days from the receipt of such a request by the Warden, whichever is earlier).

☒ DENIED after complete review of the motion on the merits under 18 U.S.C. § 3582(c)(1)(A). Factors considered (optional):

After a full review on the merits, and after consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the Defendant's Motion does not present extraordinary and compelling circumstances which justify her release. 18 U.S.C. § 3553(a); 18 U.S.C. § 3582(c)(1)(A). Connolly pled guilty to charges of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and was sentenced to

240 months of incarceration on January 11, 2017. Judgment (ECF No. 503), at 1–2. Connolly is currently housed at Carswell FMC. Mot. (ECF No. 814) at 1.

Connolly is 60 years old, and alleges that she has congestive heart failure, COPD, obesity, high blood pressure, stage three kidney/renal disease, degenerative joint disease, and cataracts, and that she requires oxygen and is confined to a wheelchair for her COPD and joint disease. Connolly contends that, due to her medical conditions, she will not "live to see" her projected release date in 2033. *Id.* at 2. She has not alleged that the BOP is incapable of managing her health. Connolly's general concern about her health issues, although serious, is insufficient to support § 3582(c)(1)(A).

Further, the Court concludes that the 18 U.S.C. § 3553(a) factors disfavor release. The Court considers the nature and circumstances of Connolly's crime to be very serious. Connolly has served less than one half of her sentence. If modified in the manner the Defendant requests, the sentence would not satisfy the factors of 18 U.S.C. § 3553(a). Accordingly, Connolly's Motion for Compassionate Release is denied.

**SO ORDERED**.

May 2, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE